1

2

3

4

5

6

7

8              IN THE UNITED STATES DISTRICT COURT FOR THE

9                   EASTERN DISTRICT OF CALIFORNIA

10

11    KEVIN LONG,                              1:13-cv-01370-SAB (PC)

12            Plaintiff,
                                               ORDER DENYING MOTION FOR
13    vs.                                      APPOINTMENT OF COUNSEL

14    STANISLAUS COUNTY SUPERIOR
      COURT, et al.,                           (ECF No. 4)
15
              Defendants.
16
      _____/
17
             On August 26, 2013, plaintiff filed a motion seeking the appointment of counsel.  Plaintiff
18
      does not have a constitutional right to appointed counsel in this action, Rand v. Rowland, 113 F.3d
19
      1520, 1525 (9th Cir. 1997), and the court cannot require an attorney to represent plaintiff pursuant
20
      to 28 U.S.C. § 1915(e)(1).  Mallard v. United States District Court for the Southern District of Iowa,
21
      490 U.S. 296, 298, 109 S.Ct. 1814, 1816 (1989).  However, in certain exceptional circumstances the
22
      court may request the voluntary assistance of counsel pursuant to section 1915(e)(1).  Rand, 113 F.3d
23
      at 1525.
24
             Without a reasonable method of securing and compensating counsel, the court will seek
25
      volunteer counsel only in the most serious and exceptional cases.  In determining whether
26
      "exceptional circumstances exist, the district court  must evaluate both the likelihood of success of
27
      the merits [and] the ability of the [plaintiff] to articulate his claims *pro se* in light of the complexity
28

                                              -1-

1  of the legal issues involved." Id. (internal quotation marks and citations omitted).

2       In the present case, the court does not find the required exceptional circumstances.  Even if

3  it is assumed that plaintiff is not well versed in the law and that he has made serious allegations

4  which, if proved, would entitle him to relief, his case is not exceptional.  This court is faced with

5  similar cases almost daily.  At this early stage in the proceedings, the court has reviewed the

6  complaint and does not find that is likely to succeed on the merits. Id. Further, even if Plaintiff were

7  to state a cognizable claim, his complaint shows that the grievance process has not been completed

8  and therefore it appears this action would be dismissed for failure to exhaust administrative

9  remedies.  Booth v. Churner, 532 U.S. 731, 739 (2001) (Prisoners must complete the prison's

10 administrative process, regardless of the relief sought by the prisoner and regardless of the relief

11 offered by the process, as long as the administrative process can provide some sort of relief on the

12 complaint stated).

13      For the foregoing reasons, plaintiff's motion for the appointment of counsel is HEREBY

14 DENIED, without prejudice.

15

16 IT IS SO ORDERED.

17   **Dated:  September 3, 2013**

                           UNITED STATES MAGISTRATE JUDGE

18

19

20

21

22

23

24

25

26

27

28