UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KEVIN LONG,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>STANISLAUS COUNTY SUPERIOR COURT, et al.,<br><br>　　　　　Defendant. | Case No.: 1:13-cv-01370-SAB (PC)<br><br>ORDER DISMISSING COMPLAINT, WITH LEAVE TO AMEND, FOR FAILURE TO STATE A COGNIZABLE CLAIM FOR RELIEF<br><br>[ECF No. 1] |

Plaintiff Kevin Long is appearing pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. Pursuant to 28 U.S.C. § 636(c), Plaintiff consented to the jurisdiction of the United States Magistrate Judge on September 10, 2013. Local Rule 302.

Plaintiff filed the instant complaint on August 26, 2013.

**I.**

**SCREENING REQUIREMENT**

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that "fails to state a claim on which relief may be granted," or that "seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B).

1

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief. . . ." Fed. R. Civ. P. 8(a)(2).  Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)).  Plaintiff must demonstrate that each named defendant personally participated in the deprivation of his rights.  Iqbal, 556 U.S. at 676-677; Simmons v. Navajo County, Ariz., 609 F.3d 1011, 1020-1021 (9th Cir. 2010).

Prisoners proceeding pro se in civil rights actions are still entitled to have their pleadings liberally construed and to have any doubt resolved in their favor, but the pleading standard is now higher, Wilhelm v. Rotman, 680 F.3d 1113, 1121 (9th Cir. 2012) (citations omitted), and to survive screening, Plaintiff's claims must be facially plausible, which requires sufficient factual detail to allow the Court to reasonably infer that each named defendant is liable for the misconduct alleged. Iqbal, 556 U.S. at 678-79; Moss v. U.S. Secret Serv., 572 F.3d 962, 969 (9th Cir. 2009).  The "sheer possibility that a defendant has acted unlawfully" is not sufficient, and "facts that are 'merely consistent with' a defendant's liability" falls short of satisfying the plausibility standard.  Iqbal, 556 U.S. at 678; Moss, 572 F.3d at 969.

## II.
## COMPLAINT ALLEGATIONS

Plaintiff contends it is against his religion to participate in psychology, and the Stanislaus County Superior Court is denying his free exercise of religion by forcing Plaintiff to be evaluated by psychologists, court ordering medication, and placement in a mental hospital of psychology.  Plaintiff contends the medication places him in danger because of his life threatening liver disease.

## III.
## DISCUSSION

### A.     Sovereign Immunity

Plaintiff names the Stanislaus County Superior Court as the sole Defendant in his complaint. Plaintiff is advised that the Stanislaus County Superior Court is not a person for purposes of 42 U.S.C.

1  § 1983 liability.  Simmons v. Sacramento County Superior Court, 318 F.3d 1156, 1161 (9th Cir.
2  2003); Greater Los Angeles Council on Deafness, Inc. v. Zolin, 812 F.2d 1103, 1110 (9th Cir. 1987).

3       The Eleventh Amendment bars suit against the state unless immunity is waived.  The Superior
4  Court is protected by Eleventh Amendment Immunity as an arm of the state.  Zolin, 812 F.2d at 1110.
5  Waiver of immunity is not easily done.  Micomonaco v. Washington, 45 F.3d 316, 319 (9th Cir.
6  1995).  Typically, "[w]aiver of Eleventh Amendment immunity by a state will be found only where
7  stated by the most express language or by such overwhelming implication from the text [of a state
8  statute] as [will] leave no room for any other reasonable construction."  Id. at 319.  There is no
9  evidence in the record that the Stanislaus County Superior Court has waived its Eleventh Amendment
10 immunity.  Accordingly, the Superior Court is immune from suit under 42 U.S.C. § 1983 pursuant to
11 the Eleventh Amendment.  The Court will provide Plaintiff with the applicable legal standards for his
12 claims should Plaintiff choose to file an amended complaint.

13     **B.**    **Free Exercise of Religion**

14       The First Amendment provides that "Congress shall make no law respecting the establishment
15 of religion, or prohibiting the free exercise thereof …."  U.S. Const. amend. I.  Prisoners "retain
16 protections afforded by the First Amendment," including the free exercise of religion.  O'Lone v.
17 Estate of Shabazz, 482 U.S. 342, 348 (1987).  "Under the Constitution, 'reasonable opportunities must
18 be afforded to all prisoners to exercise the religious freedom guaranteed by the First and Fourteenth
19 Amendments.'"  Pierce v. County of Orange, 526 F.3d 1190, 1209 (9th Cir. 2008) (quoting Cruz v.
20 Beto, 405 U.S. 319, 322 n.2 (1972)).

21       "In order to establish a free exercise violation, [a prisoner] must show the defendants burdened
22 the practice of his religion, by preventing him from engaging in conduct mandated by this faith,
23 without any justification reasonably related to legitimate penological interests."  Freeman v. Arpaio,
24 125 F.3d 732, 736 (9th Cir. 1997).  "In order to reach the level of a constitutional violation, the
25 interference with one's practice of religion 'must be more than an inconvenience; the burden must be
26 substantial and an interference with a tenet or belief that is central to religious doctrine.'"  Id. at 737
27 (quoting Graham v. C.I.R., 822 F.2d 844, 851 (9th Cir. 1987)); see also Shakur v. Schriro, 514 F.3d
28 878, 884 (9th Cir. 2008) (religious belief must be "sincerely held" and "rooted in religious belief").

### C. Deliberate Indifference to Serious Medical Need

While the Eighth Amendment of the United States Constitution entitles Plaintiff to medical care, the Eighth Amendment is violated only when a prison official acts with deliberate indifference to an inmate's serious medical needs. Snow v. McDaniel, 681 F.3d 978, 985 (9th Cir. 2012); Wilhelm v. Rotman, 680 F.3d 1113, 1122 (9th Cir. 2012); Jett v. Penner, 439 F.3d 1091, 1096 (9th Cir. 2006). Plaintiff "must show (1) a serious medical need by demonstrating that failure to treat [his] condition could result in further significant injury or the unnecessary and wanton infliction of pain," and (2) that "the defendant's response to the need was deliberately indifferent." Wilhelm, 680 F.3d at 1122 (citing Jett, 439 F.3d 1091, 1096 (9th Cir. 2006)). Deliberate indifference is shown by "(a) a purposeful act or failure to respond to a prisoner's pain or possible medical need, and (b) harm caused by the indifference." Wilhelm, 680 F.3d at 1122 (citing *Jett*, 439 F.3d at 1096). The requisite state of mind is one of subjective recklessness, which entails more than ordinary lack of due care. Snow, 681 F.3d at 985 (citation and quotation marks omitted); Wilhelm, 680 F.3d at 1122.

## IV.

## CONCLUSION AND ORDER

For the reasons stated, Plaintiff's complaint fails to state a claim upon which relief may be granted. Plaintiff is granted leave to file an amended complaint within thirty (30) days. Noll v. Carlson, 809 F.2d 1446, 1448-49 (9th Cir. 1987). Plaintiff may not change the nature of this suit by adding new, unrelated claims in his amended complaint. George v. Smith, 507 F.3d 605, 607 (7th Cir. 2007) (no "buckshot" complaints).

Plaintiff's amended complaint should be brief, Fed. R. Civ. P. 8(a), but must state what each named defendant did that led to the deprivation of Plaintiff's constitutional or other federal rights. Iqbal, 556 U.S. 662, 678. "The inquiry into causation must be individualized and focus on the duties and responsibilities of each individual defendant whose acts or omissions are alleged to have caused a constitutional deprivation." Leer v. Murphy, 844 F.2d 628, 633 (9th Cir. 1988). Although accepted as true, the "[f]actual allegations must be [sufficient] to raise a right to relief above the speculative level . . . ." Twombly, 550 U.S. at 555 (citations omitted).

///

Finally, an amended complaint supersedes the original complaint, Forsyth v. Humana, Inc., 114 F.3d 1467, 1474 (9th Cir. 1997); King v. Atiyeh, 814 F.2d 565, 567 (9th Cir. 1987), and must be "complete in itself without reference to the prior or superseded pleading," Local Rule 220. "All causes of action alleged in an original complaint which are not alleged in an amended complaint are waived." King, 814 F.2d at 567 (citing to London v. Coopers & Lybrand, 644 F.2d 811, 814 (9th Cir. 1981)); accord Forsyth, 114 F.3d at 1474.

Based on the foregoing, it is HEREBY ORDERED that:

1. The Clerk's Office shall send Plaintiff a civil rights complaint form;
2. Plaintiff's complaint, filed August 26, 2013, is dismissed for failure to state a claim;
3. Within **thirty (30) days** from the date of service of this order, Plaintiff shall file an amended complaint; and
4. If Plaintiff fails to file an amended complaint in compliance with this order, this action will be dismissed, with prejudice, for failure to state a claim.

IT IS SO ORDERED.

Dated: **March 17, 2014**

UNITED STATES MAGISTRATE JUDGE